UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

Security National Insurance Company,

    Plaintiff,

v.

Construction Associates of Spokane, Inc.,

    Defendant.

NO.

COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Security National Insurance Company, and for causes of action against the Defendant above-named, alleges as follows:

### I.    NATURE OF THE CASE

1.1    This is an insurance coverage action. Security National Insurance Company seeks a declaration that Construction Associates of Spokane, Inc. does not qualify as an additional insured under Security National Policy SPP1004046-07 (effective April 2, 2016 to April 2, 2017) with respect to the claims asserted by Mark and Jennifer Wilson against Construction Associates of Spokane, Inc. or with respect to claims arising from the Paulson Building Project in Spokane, Washington.

1.2    Plaintiff Security National Insurance Company has been harmed, and will continued to be further and irreparably harmed, without a judicial determination of the rights and obligations of the parties hereto, and a determination and entitlement to damages.

COMPLAINT FOR DECLARATORY JUDGMENT – 1

SEC013-0001 6202686

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## II.    PARTIES AND JURISDICTION

2.1    Plaintiff Security National Insurance Company ("Security National") is and at all times relevant hereto was an authorized insurance company doing business in the State of Washington.

2.2    Security National's principal place of business is, and at all times relevant hereto has been in Dallas, Texas.  Security National is domiciled in the state of Delaware.

2.3    Defendant Construction Associates of Spokane, Inc. ("Construction Associates") is, and at all times relevant hereto was, a Washington Corporation doing business in Spokane County, Washington.

2.4    Defendant Construction Associate's principal place of business is, and at all times relevant hereto has been located in Spokane, Washington.  Construction Associates is domiciled in the state of Washington.

2.5    Security National Policy SPP1004046-07 (April 2, 2016 to April 2, 2017) was issued and delivered to named insured Merit Electric of Spokane, Inc. in Spokane, Washington.

2.6    The underlying claims asserted against Construction Associates by Mark and Jennifer Wilson are pending in a lawsuit filed in the Superior Court of Washington in and for Spokane County under Cause No. 19203675-32 ("underlying lawsuit").

2.7    The claims asserted by Mark and Jennifer Wilson against Construction Associates in the underlying lawsuit arise from a work-related accident which is alleged to have occurred at the Paulsen Center located at 421 West Riverside Avenue in Spokane, Washington.

2.8    The Court has personal jurisdiction over the Defendant Construction Services because Defendant asserts rights under an insurance contract entered into in the State of Washington; Defendant's principal place of business is in the State of Washington; Defendant conducts business in and has had its principle place of business within the State of Washington at times relevant to the matters addressed herein; and Defendant is a party to the underlying lawsuit pending in the State of Washington, which arises from Defendant's business operations within the State of Washington.

COMPLAINT FOR DECLARATORY JUDGMENT – 2

SEC013-0001 6202686

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

2.9    Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2.10   Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and (2) insofar as a substantial part of the events that are the subject and nexus of the matters at issue herein are located and/or took place in the State of Washington and within this judicial district; the rights at issue in this lawsuit are located in the State of Washington and within this judicial district; and the insurance contract at issue in this lawsuit was entered into, delivered, and performed in the State of Washington and within this judicial district; and Defendant Construction Associates' principal place of business is in this judicial district and it is subject to this Court's personal jurisdiction with respect to this action.

### III.   THE 2016-2017 POLICY

3.1    Security National issued a liability policy bearing number SPP1004046-07, with an effective policy period of April 2, 2016 to April 2, 2017 ("the 2016-2017 Policy") to named insured Merit Electric of Spokane, Inc., with an applicable per occurrence policy limit of $1 million.

3.2    Construction Associates is *not* identified as a named insured under the 2016-2017 Policy. Nor is Construction Associates, by name, among those organizations enumerated as additional named insureds under the 2016-2017 Policy.

3.3    By Endorsement, persons or organizations for whom the named insured (Merit Electric) is conducting operations may qualify for certain coverage as an "additional insured" where such person or organization and the named insured have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on the Policy.

3.4    No written contractual requirement existed between Construction Associates and named insured Merit Electric for the work performed by Merit Electric at the Paulson Center 11th Floor project in 2016, during which project Merit Electric employee Mark Wilson was injured, and which injury is the subject of the underlying lawsuit.

COMPLAINT FOR DECLARATORY JUDGMENT – 3

SEC013-0001 6202686

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

3.5 At no time during the policy period did Construction Associates possess a Certificate of Insurance or an "additional insured" designation under the Policy with respect to the work done by Merit Electric at the Paulson Center at the time Merit Electric employee Mark Wilson was injured at the Paulson Center, which injury is the subject of the underlying lawsuit.

3.1 At no time did named insured Merit Electric request or arrange with its insurance broker or with Security National or for "additional insured" status for Construction Associates with respect to the work done by Merit Electric at the Paulson Center.

### IV.   THE AUGUST 2016 ACCIDENT

4.1 On August 30, 2016, Merit Electric employee Mark Wilson was injured while working at the Paulson Center.

4.2 On August 22, 2019, Mark and Jennifer Wilson filed a lawsuit against Construction Associates and others seeking damages for injuries arising from the August 30, 2016 injury.

4.3 The damages claimed by Mark and Jennifer Wilson in the underlying lawsuit include, without limitation, medical expenses; pain and suffering, mental anguish and emotional distress; loss of enjoyment of life; wage loss; and loss of consortium.  By late 2019, Mark Wilson's documented medical expenses (including medications) was in excess of $220,000, and his wage loss was in excess of $52,000.

### V.   CONSTRUCTION ASSOCIATES' TENDER

5.1 On September 3, 2019 – approximately two weeks after the Wilsons filed the underlying lawsuit against Construction Services – Construction Associates contacted the insurance broker for Merit Electric, Alliant Insurance Services, Inc., and requested a Certificate of Insurance with an "additional insured" designation, as follows:

> I wonder if you could help me?  I am looking for a COI for one of your insured[s]; Merit Electric of Spokane, Inc.  There's a situation that's come up, where we need an older certificate that would show coverage from 4/2/2016 – 4/2/2017 with us, Construction Associates of Spokane, Inc. as additionally insured.

COMPLAINT FOR DECLARATORY JUDGMENT – 4

SEC013-0001 6202686

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

5.2     On September 3, 2019, the broker emailed a copy of a Certificate of Insurance that had been issued on March 29, 2016 to Construction Associates on behalf of Merit Electric for work done by Merit Electric on the Coeur d'Alene Courthouse Plaza project.

5.3     On September 3, 2019, Construction Associates again emailed the broker pointing out that the March 29, 2016 Certificate of Insurance sent by the broker applied only to the Coeur d'Alene Courthouse Plaza project.

5.4     On September 3, 2019, in response, the broker generated a new, never-before issued Certificate of Insurance dated September 3, 2019 that applied to the 4/2/2016 – 4/2/2017 Policy, purporting to retroactively confer blanket "additional insured" status to Construction Associates "with respects to general liability for the ongoing operations of the named insured."

5.5     On October 3, 2019, Construction Associates, through its counsel Steven Stocker, notified Alliant Insurance Services, Inc. that it was tendering the Wilsons' claims against Construction Services to Security National as an "additional insured" under the 2016-2017 Policy.

5.6     With the October 3, 2019 tender letter, Construction Associates, through its counsel Steven Stocker, represented that

> [a]t all times relevant to this matter, CAS was the certificate holder of a Commercial General Liability Policy issued by Security National Insurance Company to Merit Electric of Spokane, Inc. with a policy period of April 2, 2016 to April 2, 2017, and by the terms of said insurance policy and the certificate of insurance, was an additional insured under the policy with respect to general liability for Merit Electric's operations as the electrical sub-contractor on the Paulsen Business Center Building remodel project.

In fact, Construction Services had only held this Certificate of Insurance for a month. Construction Services did not hold this Certificate of Insurance during the 2016-2017 Policy period, nor at the time Mark Wilson was injured.

5.7     With the October 3, 2019 tender letter, Construction Associates, through its counsel Steven Stocker, also sent a partial copy of a contract dated October 8, 2013, representing that the contract applied to Merit's work on the Paulson Center 11th Floor Project. The missing pages of this contract – those pages that were not sent by Construction Services with the tender – indicated that the

COMPLAINT FOR DECLARATORY JUDGMENT – 5

SEC013-0001 6202686

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

October 8, 2013 contract was intended to apply to a project referred to as "AAA – Coeur D'Alene Idaho" located at W 296 Sunset, Coeur D'Alene, Idaho.

5.8    After learning that the tender was to be denied by Security National, Construction Associates, through its counsel, again wrote to Security National, through its claims administrator, AmTrust North America. In this letter, Construction Associates continued to insist that the September 3, 2019 Certificate of Insurance was binding on Security National so as to provide "additional insured" coverage in favor of Construction Associates under the 2016-2017 Policy and oblige Security National to defend and indemnify Construction Associates against the underlying lawsuit filed by the Wilsons. Construction Associates continued to represent to Security National that the October 8, 2013 contract document applied to the work done by Merit Electric on the Paulson Center 11th floor project, which work commenced in 2016; and that under the Washington Supreme Court's decision in *T-Mobile USA Inc. v. Selective Insurance Company of America,* 450 P.3d 150 (Wash. 2019), the September 3, 2019 Certificate of Insurance requested and obtained by Construction Associates from the broker was now binding on Security National.

5.9    Security National conducted a further investigation of Construction Associates' potential status as an "additional insured" by asking Construction Associates on March 27, 2020 to provide additional documentation to substantiate its claim of "additional insured" status under the 2016-2017 policy.

5.10   In its April 22, 2020 response, Construction Associates, through its counsel, refused to provide the requested information, suggesting that Security National obtain the information from Merit Electric and/or the broker. In addition, Construction Associates, through its counsel, threatened action against Security National under the Washington Consumer Protection Act, the Washington Insurance Fair Conduct Act, and Washington common law. Construction Associates, through its counsel, further threatened to enter into a collusive arrangement with the Wilsons whereby Construction Associates would settle with the Wilsons and assign to the Wilsons rights against Security National.

COMPLAINT FOR DECLARATORY JUDGMENT – 6

SEC013-0001 6202686

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

### VI.    FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

6.1    Plaintiff incorporates by reference the allegations of Paragraphs 1.1 through 5.10 as if fully set forth herein.

6.2    There is an actual controversy between Plaintiff and Defendant within the meaning of Article II, Section 2 of the United States Constitution and this controversy is ripe as contemplated under the Declaratory Judgment Act.

6.3    Plaintiff is entitled to a declaration by the Court regarding the respective rights and obligations of the parties – specifically, whether Defendant Construction Associates qualifies as an additional insured under the 2016-2017 Policy.

### VII.    SECOND CAUSE OF ACTION FOR MISREPRESENTATION

7.1    Plaintiff incorporates by reference the allegations of Paragraphs 1.1 through 6.3 as if fully set forth herein.

7.2    In tendering this claim to Security National, Construction Services, through its counsel, misrepresented to Security National that the October 8, 2013 contract applied to Merit's work on the Paulson Center 11th Floor Project, omitting pages that indicated the October 8, 2013 contract was intended to apply to a project in 2013 referred to as "AAA – Coeur D'Alene Idaho" located at W 296 Sunset, Coeur D'Alene, Idaho.  This omission was a material misrepresentation upon which Construction Services and its counsel expected Security National to provide coverage to Construction Services.

7.3    In tendering this claim to Security National, Construction Services, through its counsel, misrepresented to Security National that "[a]t all times relevant to this matter, CAS was the certificate holder of a Commercial General Liability Policy issued by Security National Insurance Company to Merit Electric of Spokane, Inc. with a policy period of April 2, 2016 to April 2, 2017" when in fact Construction Services had only held this Certificate of Insurance for a month.  This omission was a material misrepresentation upon which Construction Services and its counsel expected Security National to provide coverage to Construction Services.

COMPLAINT FOR DECLARATORY JUDGMENT – 7

SEC013-0001 6202686

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

7.4 In tendering this claim to Security National, Construction Services, through its counsel, failed to disclose the circumstances under which Construction Services obtained the Certificate of Insurance from the broker. In tendering this claim to Security National, Construction Services and its counsel knew of and failed to disclose these circumstances to Security National. This omission was a material misrepresentation upon which Construction Services and its counsel expected Security National to provide coverage to Construction Services.

7.5 In requesting a Certificate of Insurance from Merit Electric's broker on September 3, 2019, Construction Services 1) failed to advise the broker about the reason for the request or about the underlying lawsuit; or 2) direct its request to Merit Electric; or 3) notify Merit Electric that it was making the request directly to the broker – all in furtherance of the misrepresentation.

7.6 In furtherance of the misrepresentation, Construction Services, through its counsel refused to provide any of the documentary evidence requested by Security National as part of its investigation.

7.7 As a result of these ongoing misrepresentations, Security National unnecessarily and unfairly incurred investigation expenses and has thereby been damaged in an amount to be proven at trial.

### VIII.    VIOLATION OF RCW 48.01.030

8.1 Plaintiff incorporates by reference the allegations of Paragraphs 1.1 through 7.7 as if fully set forth herein.

8.2 Defendant Construction Services' misrepresentations of material facts in its tender of this claim to Security National was in violation of the provisions of RCW 48.01.030, which provides:

> The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith; abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance

8.3 Defendant Construction Services' misrepresentations – both affirmative and by omission – in its tender of this claim to Security National voids any coverage Construction Services

COMPLAINT FOR DECLARATORY JUDGMENT – 8

SEC013-0001 6202686

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

would otherwise have been entitled to under the 2016-2017 Policy. *Mutual of Enumclaw Ins. Co. v. Cox,* 110 Wash.2d 643, 757 P.2d 499 (1988); *Onyon v. Truck Ins. Exch.*, 859 F.Supp. 1338 (W.D.Wash.1994); *Kim v. Allstate Ins. Co.*, 153 Wash.App. 339, 223 P.3d 1180 (2009).

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. A declaration of the rights and obligations of the parties, including without limitation a declaration that Defendant Construction Services does not qualify as an additional insured under the 2016-2017 Policy; and Defendant Construction Services is not entitled to coverage under the Policy; and

2. Judgment against Defendant Construction Services in an amount to be determined by the court, together with pre-judgment and post-judgment interest;

3. An award of Plaintiff's costs and disbursements herein, including a reasonable attorney's fee;

4. Such other and further relief as the court deems just and equitable.

DATED this 30th day of April, 2020.

CARNEY BADLEY SPELLMAN, P.S.

By *S/ Jeffrey D. Laveson*
Jeffrey D. Laveson, WSBA #16351
701 Fifth Ave., Suite 3600
Seattle, WA 98104
Tel: 206-622-8020
Laveson@carneylaw.com
Attorneys for Plaintiff Security National Insurance Company

COMPLAINT FOR DECLARATORY JUDGMENT – 9

SEC013-0001 6202686

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020