FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SECURITY NATIONAL INSURANCE COMPANY,

    Plaintiff,

v.

CONSTRUCTION ASSOCIATES OF SPOKANE, INC.,

    Defendant.

No. 2:20-cv-00167-SMJ

**ORDER GRANTING MARK AND JENNIFER WILSON'S MOTION TO INTERVENE AND DENYING DEFENDANT'S MOTION TO JOIN AS MOOT**

Before the Court, without oral argument, are Mark and Jennifer Wilson's Motion to Intervene and Join as Defendants, ECF No. 8, and Defendant's Motion to Join Mark and Jennifer Wilson as Defendants, ECF No. 11. Mark and Jennifer Wilson and Defendant Construction Associates of Spokane, Inc. assert the Wilsons have been assigned all of Defendant's rights and claims at issue in this action. ECF Nos. 8, 11. Plaintiff's response to the motions indicates Plaintiff is not opposed to permissive intervention under Federal Rule of Civil Procedure 24(a)(2) or joinder under Rule 25. ECF No. 12. Having reviewed the motions and the file in this matter, the Court is fully informed and grants the motion to intervene under Federal Rule of Civil Procedure 24(b)(1)(B) and denies Defendant's motion to join as moot.

The Wilsons and Defendant assert that they executed an agreement whereby Defendant assigned its rights to bring certain claims against Plaintiff to the Wilsons. ECF No. 8 at 4; ECF No. 11 at 1 (incorporating factual summary from the Wilsons' motion). Plaintiff raises various allegations related to Defendant's alleged attempt to assign meritless claims to the Wilsons in bad faith but does not dispute that the Wilsons' and Defendants have entered into an agreement to assign any such claims. ECF No. 12 at 3–4.

Mark and Jennifer Wilson assert three grounds for intervention: (i) intervention as of right under Rule 24(a)(1), (ii) permissive intervention under Rule 24(b)(1)(B), and (iii) joinder under Rule 25. ECF No. 8. Defendant also seeks to have Mark and Jennifer Wilson joined on three grounds: (i) as required parties under Rule 19(a)(1)(A) and (ii) as required parties under Rule 19(a)(1)(B)(i), or (iii), alternatively, as parties who may be joined under Rule 20(a)(2)(B). ECF No. 11. Plaintiff agrees only to permissive intervention under Rule 24(b)(1)(B) or joinder under Rule 25. ECF No. 12 at 5. Plaintiff argues it is premature to determine whether the Wilsons qualify for intervention as a right under Rule 24(a)(1), and Plaintiff does not address the remaining grounds for joinder. *Id.*

After reviewing the briefing in this matter, it is evident that the Wilsons' motion to intervene should be granted under Rule 24(b)(1)(B). Rule 24 permits "anyone to intervene who . . . has a claim or defense that shares with the main action

ORDER GRANTING MARK AND JENNIFER WILSON'S MOTION TO INTERVENE AND DENYING DEFENDANTS' MOTION TO JOIN AS MOOT – 2

a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, the parties and the Wilsons agree that the Wilsons's assigned claims against Plaintiff share common questions of law and fact with Plaintiff's claims against Defendant. ECF No. 8 at 11; ECF No. 11 at 3; ECF No. 12 at 5. The Court agrees. As such, the Wilson's Motion to Intervene and Join as Defendants is granted, and Mark and Jennifer Wilson shall be added as Intervenor-Defendants. Defendant's Motion to Join Mark and Jennifer Wilson as Defendants is denied as moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Mark and Jennifer Wilson's Motion to Intervene and Join as Defendants, **ECF No. 8**, is **GRANTED**.

2. Defendant's Motion to Join Mark and Jennifer Wilson as Defendants, **ECF No. 11**, is **DENIED AS MOOT**.

3. Mark Wilson and Jennifer Wilson shall be added to this action as Intervenor-Defendants

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of August 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge