FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONSTRUCTION ASSOCIATES OF SPOKANE, INC.; and MARK AND JENNIFER WILSON,<br><br>Defendants. | No.   2:20-cv-00167-SMJ<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Security National Insurance Company's ("Security National") motion for reconsideration, ECF No. 55. Security National asks the Court to reconsider the portion of its Order Granting Motion to Strike and Motions to Quash, ECF No. 45, which quashed certain sections of two subpoenas for overbreadth and for seeking materials protected by the work-product doctrine and the attorney-client privilege. Having reviewed the briefing and file in this matter, the Court is fully informed and denies the motion for reconsideration.

//

//

ORDER DENYING MOTION FOR RECONSIDERATION – 1

# BACKGROUND

## A. Allegations and State Court Procedural History

Intervenor Defendant Mark Wilson was electrocuted and suffered severe injuries on a construction project where Defendant Construction Associates of Spokane, Inc. ("CAS") was the general contractor and Merit Electric was a subcontractor. *See* ECF No. 1 at 3–4; ECF No. 30-1. Mark and Jennifer Wilson sued for personal injury in Spokane County Superior Court. *See* ECF No. 1 at 2. CAS sought indemnity from Security National, which denied that it had any duty to CAS. *See id*. Security National insured Merit Electric and CAS claims that it was an additional insured on the applicable insurance policy. *See id*. Security National's authorized agent had provided a certificate of liability insurance to CAS, but Security National asserts that CAS obtained the certificate under false pretenses. ECF No. 1 at 4–6; ECF No. 18 at 10–11.

CAS and the Wilsons later settled the Spokane County case for $1 million and a covenant judgment against Security National of $7.5 million. *See* ECF No. 23 at 9. As part of the settlement, CAS assigned to the Wilsons the claim against Security National for bad faith. *See id*. at 14. The Spokane County case remains open pending a reasonable determination by the court.

//

//

ORDER DENYING MOTION FOR RECONSIDERATION – 2

B.   **This Action**

Security National sues for common law misrepresentation and misrepresentation under Washington Revised Code § 48.01.030 and seeks a declaratory judgment that Defendant CAS does not qualify as an additional insured and is not entitled to coverage, as well as monetary damages. ECF Nos. 1, 23. The Wilsons and CAS bring counterclaims against Security National for breach of contract, violation of the Washington Insurance Fair Conduct Act, Washington Revised Code § 48.30.015, violation of the Washington Consumer Protection Act, Washington Revised Code § 19.86, *et seq.*, violation of the duty of good faith (bad faith), negligence, coverage by estoppel, and damages and fees. ECF Nos. 18, 21. Security National asserts affirmative defenses that the Defendants' claims are barred by unclean hands, waiver, estoppel, fraud, affirmative misrepresentations, representations by omission, and bad faith conduct. ECF Nos. 20, 23.

## LEGAL STANDARD

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider

ORDER DENYING MOTION FOR RECONSIDERATION – 3

its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Courts generally disfavor motions for reconsideration and they may not be used to present new arguments or evidence that could have been raised earlier. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir.1991).

## DISCUSSION

With its sweeping subpoenas, Security National asks this Court to allow it to go on a fishing expedition into privileged materials to find evidence of unreasonableness. Security National's motion largely relies on its analysis of a 2016 case which it failed to cite in its previous briefing. *See Steel v. Olympia Early Learning Ctr.*, 381 P.3d 111 (Wash. App. 2016); *see also* ECF No. 29. Review of this case does not change the Court's determination that the attorney-client privilege remains in full force.

If the existance of a covenant judgment could itself overwhelm the privilege, courts would automatically waive it in cases such as this. Instead, "a party who seeks to apply *Hearn*'s implied waiver test must bear a significant burden." *Steel*, 381 P.3d at 119 (citing *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975) (setting

ORDER DENYING MOTION FOR RECONSIDERATION – 4

forth the standard for waiver of the attorney-client privilege)). Security National has not met that burden. It argues that "**all** settlements with covenant judgments – including the one between the Wilsons and CAS – involve adversaries joining together to 'set up' the insurer for a follow-on bad faith action. Accordingly, these schemes inherently involve some degree of collusion." ECF No. 55 at 6 (emphasis in original). But if the danger of collusion could create an implied waiver, it would exist in every case. Again, it does not. Nor does it exist here.

Security National argues that the parties have waived the attorney-client privilege for information related to the *Glover/Chaussee* factors[1] for determining the reasonableness of the state court settlement and covenant judgment. A party waives the privilege if (1) the assertion of the privilege stems from an affirmative act by the asserting party; (2) the asserting party put the protected information at

---

[1] As described in its Order to Quash, ECF No. 45 at 17, the Washington State Supreme Court has set out nine factors for courts to consider in determining the reasonableness of a settlement and covenant judgment:

> (1) [T]he releasing party's damages; (2) the merits of the releasing party's liability theory; (3) the merits of the released party's defense theory; (4) the released party's relative fault; (5) the risks and expenses of continued litigation; (6) the released party's ability to pay; (7) any evidence of bad faith, collusion, or fraud; (8) the extent of the releasing party's investigation and preparation; and (9) the interests of the parties not being released.

See *Glover v. Tacoma Gen. Hosp.*, 658 P.2d 1230, 1236 (Wash. 1983); *Chaussee v. Maryland Cas. Co.*, 803 P.2d 1339, 1344 (Wash. App. 1991).

ORDER DENYING MOTION FOR RECONSIDERATION – 5

issue; and (3) application of the privilege would deny the opposing party access to information vital to its defense. *Hearn*, 68 F.R.D. at 581; *see also Pappas v. Holloway*, 787 P.2d 30, 36 (Wash. 1990). Courts must undertake a "case-by-case evaluation." *Steel*, 381 P.2d at 122. The Court thus does not claim that implied waiver could never exist in a settlement reasonableness evaluation, only that no waiver occurred here.

First, as stated in the Court's previous Order, CAS and the Wilsons acted affirmatively, satisfying the first element of the test. And, as Security National points out, the Wilsons *and* CAS also acted affirmatively by entering into the settlement and covenant judgment. See ECF No. 55 at 7; ECF No. 66 at 2–3. As in *Steel*, they "had options other than settlement, including trial." *See* 381 P.3d at 125. Instead, they "initiated the settlements and asked for the reasonableness hearing." *Id.*

Second, CAS and the Wilsons have not put the privileged communications at issue. The attorney-client privilege is meant as a "shield," and the *Pappas* exception prevents litigants from using it as a "sword." *Pappas*, 787 P.2d at 36. CAS and the Wilsons use it as a shield here. Although information related to the *Glover/Chaussee* factors is relevant to some of Security National's claims and defenses, as *Steel* points out, "relevance is not the test for waiver of the attorney-client privilege." 381 P.3d at 123 (quoting *Dana v. Piper*, 295 P.3d 305, 313 (Wash.

ORDER DENYING MOTION FOR RECONSIDERATION – 6

App. 2013)). Instead, "courts actually consider whether the claim or defense asserted depends or relies on the information or whether the information is integral to the claim or defense before finding waiver." *Id.* at 123.

Security National claims the requested materials are "integral to showing whether and to what extent CAS analyzed its own liability exposure and the fault of others including Mr. Wilson's contributory fault." ECF No. 55 at 8. But as the Wilsons point out, none of the nine *Glover/Chaussee* factors require CAS's contemporaneous evaluations of its own liability or other privileged analyses. Analysis of the reasonableness of settlement does not rely on such materials. For example, actual evidence pertaining to the merits of the Wilsons' claims is more important to the *Glover/Chaussee* analysis than CAS's *beliefs* about its liability. And evidence of communications between the Wilsons and CAS is more important than internal communications to determine collusion. The Court could go on. The Wilsons admit that communications between them and CAS are discoverable, and indeed, have disclosed such communications. ECF No. 64 at 7–8. Like in *Steel*, Security National has not met its burden as to the second element of the *Hearn/Pappas* test. *See Steel*, 381 P.3d at 125–26; *see also Ex parte Dow Corning Ala., Inc.*, 297 So.3d 373, 380 (Ala. 2019) ("proving or disproving the objective reasonableness and good faith of the settlement . . . does not require the production of attorney-client privileged materials.") (citing *Steel*).

ORDER DENYING MOTION FOR RECONSIDERATION – 7

Finally, application of the privilege does not deny Security National information *vital* to its defense. In making this determination, the Court considers "whether withholding the privileged information would be manifestly unfair to the opposing party." *Steel*, 381 P.3d at 126. The Court determines it is not.

"Protected communications are not vital to a party's case when there are other sources of indirect evidence about the issues." *Id*. Security National can attack reasonableness through "expert witness testimony about matters like the extent of defendants' liability, the reasonableness of the damages amount in comparison with awards in other cases, and the expense that would have been required for the settling defendants to defend the lawsuit." *Id*. True, the underlying action settled at an early stage of litigation, before the parties conducted depositions or retention of experts. ECF No. 55 at 8. But the parties produced thousands of pages of documents via discovery. ECF No. 65 at 2. This Court agrees that covenant judgments create a danger of collusion. Security National may wish to avoid the effort and expense to fully investigate the claims it makes, but given the other discovery and recourse available to Security National, it is not manifestly unfair to withhold the privileged information.

## CONCLUSION

Security National's motion for reconsideration, ECF No. 55, largely repeats its arguments in response to the motions to quash, ECF Nos. 26 & 36, raised in

briefing and at oral argument. The Court is also unconvinced by the additional case law Security National cites. This Court agrees that all the *Glover/Chaussee* factors should be considered in determining the reasonableness of the settlement and covenant judgment. *See* ECF No. 55 at 4. Security National can conduct discovery related to the *Glover/Chaussee* factors, but the Court limits that discovery to non-privileged materials. The Court concludes that it did not commit "clear error," nor was its prior Order "manifestly unjust." *See Clark Cnty. Sch. Dist.*, 727 F.3d at 955 (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263).

Accordingly, **IT IS HEREBY ORDERED**:

Security National Insurance Company's Motion for Partial Reconsideration of Court's Order Granting Motion to Quash Subpoenas (Dkt. #45), **ECF No. 55**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 1st day of March 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge