UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2021

SEAN F. McAVOY, CLERK

SECURITY NATIONAL INSURANCE COMPANY,

Plaintiff,

v.

CONSTRUCTION ASSOCIATES OF SPOKANE, INC.; and MARK AND JENNIFER WILSON,

Defendants.

No. 2:20-CV-0167-SMJ

ORDER GRANTING, IN PART, DEFENDANTS' MOTION TO COMPEL, DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, AND DIRECTING PLAINTIFF TO SUBMIT MATERIALS FOR *IN CAMERA* REVIEW

**BEFORE THE COURT** is a motion to compel discovery by Defendants Mark and Jennifer Wilson. ECF No. 72. The motion was referred to the undersigned magistrate judge on April 14, 2021, ECF No. 76, the motion was argued in open court on May 4, 2021, and the matter was taken under advisement.

**A.    Factual Background**

In 2016, Plaintiff Security National Insurance Company issued a liability policy to Merit Electric of Spokane, Inc. ("Merit Electric" or "Merit").

On August 30, 2016, Defendant Mark Wilson, an employee of Merit Electric, was working on a project at the Paulsen Center located at 421 W. Riverside, Ave., Spokane, Washington. On that date, Defendant Mark Wilson sustained a work-related injury at the Paulsen Center.

Defendants Mark and Jennifer Wilson thereafter sued Defendant Construction Associates of Spokane, Inc. ("Construction Associates" or "CAS") as a result of the Paulsen Center injury.

ORDER . . . - 1

On September 3, 2019, CAS contacted the insurance broker of Merit Electric at Alliant Insurance Services, Inc. ("Alliant") requesting a Certificate of Insurance ("COI") that might serve as evidence of additional insured ("AI") coverage for CAS under Merit Electric's liability insurance.

On September 3, 2019, Alliant emailed a copy of a Certificate of Insurance issued March 29, 2016 to CAS on behalf of Merit Electric for work performed by Merit Electric on the Coeur d'Alene Courthouse Plaza project.  A later email submitted by Alliant contained a Certificate of Insurance, dated September 3, 2019, that purportedly applied retroactively to the 2016 liability policy, conferring additional insured status to CAS with respect to general liability for Merit Electric's operations as the electrical subcontractor on the Paulsen Center remodel project.

CAS, viewing the September 3, 2019 Certificate of Insurance generated by Alliant as applicable and binding, sought to have Plaintiff Security National defend and indemnify CAS against the lawsuit filed by Defendants Mark and Jennifer Wilson.  Plaintiff Security National advised CAS that the information was insufficient to demonstrate CAS was an additional insured under Merit Electric's policy.  Therefore, Plaintiff Security National denied defense and indemnity to CAS as an additional insured on the insurance policy issued to Merit Electric.

Defendant CAS subsequently entered into a settlement agreement with Defendants Mark and Jennifer Wilson and assigned its rights against Plaintiff Security National to Defendants Mark and Jennifer Wilson.

**B.    Procedural Background**

On April 30, 2020, Plaintiff Security National brought this action against Defendants for declaratory judgment, misrepresentation, insurance fraud and violation of Wash. Rev. Code § 48.01.030.  Defendants have filed counterclaims for breach of contract, violation of Washington State's Insurance Fair Conduct Act,

ORDER . . . - 2

violations of Washington State's Consumer Protection Act, violations of the duty of good faith, negligence, coverage by estoppel, and damages pursuant to the *Olympic Steamship* doctrine. A 10-day jury trial is scheduled for December 6, 2021. ECF No. 63.

On April 5, 2021, Defendants filed the instant motion to compel discovery. ECF No. 72. Plaintiff filed a combined response and motion for a protective order on April 19, 2021, ECF No. 78, and an amended response on April 26, 2021, ECF No. 84. Defendants filed a reply on April 26, 2021, ECF No. 82, and an additional reply on May 3, 2021, ECF No. 87. The foregoing discovery dispute has been referred to the undersigned for resolution. ECF No. 76.

## C. Legal Standard

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Fed. R. Civ. P. 26(b)(1) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting

its objections." *Oakes v. Halvorsen Marine Ltd*., 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co*., 135 F.R.D. 101, 104 (D. N.J. 1990).

**D.    Motion to Compel Discovery**

Based on the briefing of the parties and the argument presented at the hearing, the Court believes there are four categories of discovery being challenged as improperly withheld from disclosure:  (1) communications regarding the handling, processing, investigating and evaluating of the claim in this case (*Cedell* materials); (2) information asserted by Plaintiff as proprietary; (3) claims handling manuals or materials; and (4) underwriting documents.

**1.    Information RE: CAS' tenders and decision-making process (Interrogatories 1, 2, 6 & 7; RFP 2 & 12)**

Defendants contend that while Security National has identified some individuals who participated or were substantively involved in the coverage decision, it has not provided all information (or documentation) about what those individuals did.  ECF No. 82 at 8.  Defendants argue Security National has refused to fully provide what is discoverable under *Cedell* (information regarding the handling, processing, investigating, and evaluating of the claim in this case).  ECF No. 72 at 5-6; ECF No. 82 at 7-8.

Plaintiff indicates it has fully responded to Interrogatories 1 & 2 by identifying all individuals by name and title and by providing a separate spreadsheet matching all the claims note entries with the individual who authored the entry.  ECF No. 84 at 5-6.  As to Interrogatories 6 & 7 and RFP 12, Plaintiff states it has provided a narrative response and all requested documents; there is nothing further to provide.  ECF No. 84 at 7.  Plaintiff indicates the claims notes and claims file identify all actions taken to investigate and evaluate CAS' tender

///

ORDER . . . - 4

and all information Security National considered in its investigation and evaluation of CAS' tender.

Defendants argue Security National has not complied with its disclosure obligations under *Cedell*.  Plaintiff contends any documents withheld or redacted pertaining to this category of information are "work product" where the attorney involved was providing the insurer with counsel as to potential bad faith liability exposure in preparation for litigation.  ECF No. 84 at 2, 5, 10-11.

The application of attorney-client privilege and work-product protection in Washington State is limited in the context of an insurance bad faith claim.  *Cedell v. Farmers Ins. Co. of Washington*, 295 P.3d 239, 246 (2013).  An insurer may not obstruct discovery of the claims file merely because of the participation of lawyers or threat of litigation.  *Id*. at 245-246 (the attorney-client privilege does not extend to materials concerning the investigation, evaluation, and processing of the insured's claim).  However, a party's right to access an insurer's claims file is not absolute.  The insurer may overcome the presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability.  *Id*. at 246.  This "work-product doctrine" protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011).  The party invoking the work product doctrine bears the burden of establishing that it applies.  *Id*. at 566.

After reviewing the parties' briefing and considering the argument of counsel at the hearing on the motion, the Court finds *in camera* review of the pertinent withheld materials is necessary in order to determine whether those materials involve Security National's attorney work product (legal advice or in anticipation of litigation) or are discoverable under *Cedell* (materials concerning the investigation, evaluation, and processing of the insured's claim).

ORDER . . . - 5

2.    **Communications with Merit and Alliant RE: Merit's policies (Interrogatories 3 & 4; RFP 3 & 4)**

Defendants argue that Plaintiff's claim that it can withhold information that is proprietary to Merit or Alliant is unsupported.  ECF No. 72 at 6-7; ECF No. 82 at 9.  Defendants assert Security National has provided no valid basis for refusing to provide a complete record of its communications with both Merit and Alliant regarding Merit's insurance policies.

Plaintiff indicates all claims notes, the claims file, and all relevant communication in the Underwriting Department file have been produced.  ECF No. 84 at 6.  Plaintiff's "proprietary interest" objections argue information proprietary to Security National (i.e. how premiums were calculated, reinsurance, etc.) and to Merit (i.e. applications, other clients, etc.) is irrelevant to this action.  ECF No. 84 at 8, 11.

Pursuant to Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and the party resisting discovery has the burden to show that discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections.  As asserted by Defendants, information that is allegedly confidential or proprietary is not rendered wholly undiscoverable, and such information could be protected from broad public disclosure by a properly tailored protective order.  *See* ECF No. 82 at 9.

The Court is not convinced that a party may properly refuse to disclose information in discovery because it is proprietary or personal.  The burden is on Plaintiff to explain its withholding of evidence, and the Court finds Plaintiff has failed to justify the withholding of materials on the basis of a proprietary interest.  Plaintiff shall be compelled to disclose materials withheld as proprietary.

///

///

ORDER . . . - 6

### 3.    Manuals, Guidelines, Standards, or Training Material (RFP 7)

Defendants argue that claims manuals and guidelines, "the existence of which is not in doubt," are relevant in insurance bad faith cases to allow a party to compare standards for evaluating claims with the conduct of agents.  ECF No. 72 at 8-9.  Defendants assert it is difficult to credit Security National's assertion that it does not provide claims handling manuals or materials to its employees.  ECF No. 82 at 10.

Plaintiff states there were no claims manuals effective on the dates identified by Defendants.  ECF No. 84 at 7.  Plaintiff indicates there are no responsive "Claims Guidelines" to produce.  ECF No. 84 at 4.

Claims manuals and guidelines are relevant in insurance bad faith cases because they allow a party to "compare defendant's standards for evaluating claims with the conduct of defendant's agents. . . .  A failure to follow established policy could make it more likely that defendant acted in bad faith."  *See* ECF No. 72 at 8-9 quoting *Consugar v. Nationwide Ins. Co. of Am.*, 2011 WL 2360208 at *5-6 (M.D. Pa. 2011).  While an insurer's internal guidelines do not set the standard of reasonable care, they may show an industry participant's custom or practice and provide a benchmark by which to compare conduct and policies.  *Ro v. Everest Indemnity Insurance Company*, 2017 WL 368349 at *1 (W.D. Wash. 2017).

The Court finds the requested materials are relevant and discoverable.  Plaintiff shall be compelled to produce any manuals, guidelines, or materials that apply generally to its handling of the type of claims at issue in this case.

### 4.    Underwriting Documents (RFP 8)

Defendants allege Security National has declined to produce any underwriting documents, ECF No. 72 at 9-11; ECF No. 82 at 10-11, and the fact that the request may seek proprietary or personal information does not exempt such material from discovery, ECF No. 72 at 10.

///

ORDER . . . - 7

Plaintiff indicates Security National has produced the relevant portions of the Underwriting Department file in response to RFP 8. ECF No. 84 at 4. Plaintiff states Security National has produced the insurance policy documents (the bulk of the file) and all communication concerning "AI" coverage and the remaining documents are irrelevant and/or contain information proprietary to Security National or Merit. ECF No. 84 at 8.

"[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Therefore, unless good cause is established, or a privilege applies, a party "may obtain discovery regarding any . . . matter that is relevant to any party's claim" or "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party resisting discovery has the burden to show that discovery should not be allowed.

Information in the underwriting file may be relevant to this case, *see Bayley Const. v. Wausau Bus. Ins. Co.*, 2012 WL 6553790 at *2 (W.D. Wash. 2012) (finding information contained in an underwriting file relevant to claims for denial of coverage and may lead to the discovery of other admissible evidence), and the burden is on Plaintiff to explain its withholding of evidence.

The Court finds Plaintiff has made no showing of prejudice or harm that would occur from the discovery of the underwriting materials related to this case, and, as discussed above, the Court is not persuaded that information can be withheld on the basis of a proprietary or personal interest. Therefore, Plaintiff shall disclose the underwriting documents requested by Defendants.

**E.      Verify Interrogatory Answers**

Defendants assert that Fed. R. Civ. P. 33(b)(5) requires a party to verify interrogatory answers. ECF No. 72 at 11. Defendants, citing an unpublished District of New Mexico case, allege the "[f]ailure to verify an answer to an

ORDER . . . - 8

interrogatory renders that answer incomplete." ECF No. 72 at 11 quoting *Martinez v. Salazar*, 2015 WL 13638319 at *1 (D. N.M. 2015).

Plaintiff responds it has never refused to provide verifications and a third supplemental production on April 6, 2021, and a fourth supplemental production on April 16, 2021, included Defendants' requested verifications. ECF No. 84 at 9.

Fed. R. Civ. P. 33(b)(5) provides "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections."

The parties are directed to comply with Rule 33(b)(5).

**F.    Attorney's Fees and Costs**

Defendants' request, pursuant to Fed. R. Civ. P. 37(a)(5), that Plaintiff Security National be ordered to pay Defendants' attorney's fees and costs for bringing this motion. ECF No. 72 at 11; ECF No. 82 at 11.

Plaintiff asserts Security National has taken its discovery obligations seriously and has provided all responsive, relevant information in its possession, subject to privilege objections. ECF No. 84 at 9.

When a motion to compel is granted, the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the opposing party's nondisclosure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

If necessary, the Court shall set a briefing schedule for fees. However, at this time, the Court reserves ruling on Defendants' request for fees until the completion of *in camera* review.

///

///

///

ORDER . . . - 9

**G.    Plaintiff's Motion for Protective Order**

Plaintiff has moved for a protective order for two document categories: attorney-client communications and documents in the Security National Underwriting Department.  ECF No. 84 at 10.

Fed. R. Civ. P. 26(c) is a safeguard to protect parties and witnesses in view of Fed. R. Civ. P. 26's broad discovery rights.  *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982).  For "good cause shown," a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).

To obtain a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance.  Fed. R. Civ. P.  26(c)(1). Generally, a party seeking a protective order has a "heavy burden" to show why discovery should be denied and a strong showing is required before a party will be denied the right to discovery.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  "The decision to issue a protective order rests within the sound discretion of the trial court."  *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000 at *1 (W.D. Wash. 2009).

As discussed above, Plaintiff's attorney-client communications shall be submitted for *in-camera* review and Plaintiff is directed to disclose its underwriting materials.  Plaintiff's motion for a protective order preventing the disclosure of these documents is thus denied.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1.    Defendants' Motion to Compel, **ECF No. 72**, is **GRANTED IN PART and RESERVED IN PART,** pending further *in camera* review.

2.    Plaintiff's Motion for Protective Order, **ECF No. 84**, is **DENIED WITHOUT PREJUDICE.**

///

3.      Plaintiff shall file (using the ECF event for *in camera* review) unredacted documents previously withheld from disclosure as attorney work product within **Five (5) days** of this Order.  The materials shall be provided in a searchable electronic format.  The Court will then complete the *in camera* review and issue a separate supplement to this Order.

4.      Plaintiff shall forthwith produce to Defendants (1) all communications with Merit and Alliant regarding Merit's policies previously withheld on the basis of a proprietary or personal interest; (2) all manuals, guidelines, or materials that apply generally to its handling of the type of claims at issue in this case; and (3) the underwriting materials related to this case.

5.      With respect to the materials ordered produced by this Court in the preceding paragraph, the Court may entertain a properly tailored, jointly provided protective order in order to prevent the broad public disclosure of certain sensitive information.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and provide copies to counsel.

DATED May 6, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER . . . - 11