FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SECURITY NATIONAL INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>      v.<br><br>CONSTRUCTION ASSOCIATES OF SPOKANE, INC.; MARK and JENNIFER WILSON,<br><br>      Defendants. | No. 2:20-CV-00167-SAB<br><br>**ORDER STRIKING PLAINTIFF'S MOTION TO DISMISS; DENYING MOTION TO REVISE** |

Before the Court are Plaintiff's Rule 12(c) Motion to Dismiss Counterclaims Brought Under RCW 48.30.015, ECF No. 237; and Plaintiff's Motion to Revise (FRCP 54), ECF No. 251. The motions were considered without oral argument.

**Plaintiff's Motion to Dismiss Counterclaims**

Security National seeks dismissal of one of the Wilsons' counterclaims against it—specifically the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015, counterclaim. Security National argues that the Court should dismiss the Wilsons' IFCA counterclaim because (1) IFCA does not apply in this case; and (2) even if it does, the Wilsons have failed to identify any "actual damages" proximately caused by the IFCA violation.

The Court strikes Security National's motion as untimely. This matter was transferred to the Court from Judge Salvador Mendoza, Jr. on March 24, 2022.

**ORDER STRIKING PLAINTIFF'S MOTION TO DISMISS; DENYING MOTION TO REVISE # 1**

ECF No. 235. When this Court took over the case, the Court issued a revised Jury Trial Scheduling Order, resetting the case deadlines. ECF No. 245. However, in that revised Jury Trial Scheduling Order, the Court did not reset the parties' dispositive motion deadline. *Id.* Thus, the parties' last operative dispositive motion deadline was October 8, 2021, set by Judge Mendoza in his August 12, 2021 Order Granting Motion to Modify Scheduling Order, ECF No. 133.

Security National did not file its Motion to Dismiss until April 8, 2022. ECF No. 237. Thus, the Court strikes the motion as untimely filed.

## Plaintiff's Motion to Revise

Security National requests that the Court "revisit and revise" Judge Mendoza's March 24, 2022 Order Regarding Summary Judgment Motions, ECF No. 234. Specifically, Security National requests that the Court withdraw Judge Mendoza's ruling that, in light of the Washington State Supreme Court's decision in *T-Mobile USA Inc. v. Selective Insurance Company of America*, 450 P.3d 150 (Wash. 2019), Security National acted in bad faith by denying a tender of defense to Construction Associates.

Federal Rule of Civil Procedure 54(b) states that, if a court issues an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thus, the Court has discretion to revisit an interlocutory order, such as an order granting a motion for partial summary judgment. *E.g.*, *Langley v. Geico Gen. Ins. Co.*, No. 1:14-CV-3069-SMJ, 2015 WL 3402895, at *1 n.1 (E.D. Wash. May 26, 2015).

However, the Ninth Circuit has stated that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). "A district court may properly reconsider its

**ORDER STRIKING PLAINTIFF'S MOTION TO DISMISS; DENYING MOTION TO REVISE # 2**

decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263).

The Court denies Security National's motion. Security National has not presented newly discovered evidence or an intervening change in the controlling law. Defendant has also not shown that the Court committed clear error or that the initial decision was manifestly unjust. Finally, as the Court has made clear, the Court will not be revisiting any issues in this case previously decided by Judge Mendoza.

Accordingly, `**IT IS HEREBY ORDERED:**

1. Plaintiff's Rule 12(c) Motion to Dismiss Counterclaims Brought Under RCW 48.30.015, ECF No. 237, is **STRICKEN** as untimely.

2. Plaintiff's Motion to Revise (FRCP 54), ECF No. 251, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 4th day of August 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER STRIKING PLAINTIFF'S MOTION TO DISMISS; DENYING MOTION TO REVISE # 3**